GERITY-ADRIAN MANUFACTURING CORP. *v.* FRED
CHRISTEN & SONS CO.

NEGLIGENCE—WELDING—TANK OF INFLAMMABLE LIQUID.
    In manufacturer's action for damages caused by fire resulting,
from use of electric welding apparatus by defendant's em-
ployee in attaching an iron guard railing to 300-gallon tank
nearly filled with an inflammable liquid used in cleaning arti-
cles for electroplating where welding operation was conducted
pursuant to direction of plaintiff's employees who failed to in-
form defendant's operator as to inflammable character of the
liquid upon inquiry as to such matter, defendant's employee
was not negligent in then failing to test the liquid or drain the
tank, before doing the welding pursuant to directions of plain-
tiff's employee.

Appeal from Lenawee; Rathbun (G. Arthur), J.
Submitted January 3, 1945. (Docket No. 23, Calen-
dar No. 42,904.) Decided April 9, 1945.

Case by Gerity-Adrian Manufacturing Corpora-
tion and Automobile Insurance Company against
Fred Christen & Sons Company for damage caused
by fire alleged to have been started through negli-
gence of defendant's agents. Judgment for de-
fendant. Plaintiffs appeal. Affirmed.

*Alexander & Baldwin* and *Laurence W. Smith*,
for plaintiffs.

*Bisbee, McKone, Badgley & McInally*, for defend-
ant.

(1)

WIEST, J.   In 1940 plaintiff manufacturing company operated a plant at Adrian where it did electroplating, stamping and machine work. The plant was new and had an open top iron tank containing solventol, a cleaning liquid, in which articles to be electroplated were presoaked for a short time. The tank contained about 300 gallons of the solution which came within three to five inches of the top, was heated just short of the boiling point and threw off a thin vapor. To prevent the operator of the cleansing process from falling into the tank while leaning over and, by hand, inserting certain articles to be soaked, plaintiff desired a pipe protective railing to be placed at its top and such a railing was prepared by plaintiff's employees. Defendant's employee was called from other work he was doing for plaintiff in the plant to fasten the railing. He brought with him an electric welder to fasten and hold the lugs of the iron railing to the iron tank and plaintiff's employee held one end of the railing in place for welding. When the electric arc was applied to make the weld, evidently the vapor from the tank was ignited and at once the liquid in the tank burst into flames. Immediately, sheet metal covered by wet burlap sacks to smother the flame was placed over the top of the tank. This stopped the flames from going upward. Then the Adrian fire department arrived, lifted such cover enough, to insert the nozzle of a hose and injected some undisclosed liquid which caused a flaming overflow of the tank liquid and caused damage to the plant, equipment and material therein.

Plaintiff manufacturing company and its insurance carrier, as subrogee, to the extent of its paid liability, brought this suit against the defendant whose employee in the course of the welding caused the fire, alleging actionable negligence, and prose-

cutes this appeal from an adverse judgment upon trial by the circuit judge without a jury.

Plaintiffs claim:

"That the defendant violated its duties by using the electro weld on the vat without investigating the explosive nature of the solution or without draining the vat, by not using some other method than welding, by permitting the flame of the torch or the heat generated to come in contact or close proximity with the liquid or the fumes or gases arising from the liquid, and then alleged that the defendant conducted its operation in a careless and unworkmanlike manner."

The court found that defendant's employee was directed to fasten the railing to the tank by welding. Plaintiff's operator of the tank, in answer to inquiry by defendant's employee as to whether the liquid was inflammable, said he did not know. No warning that the liquid was inflammable was given defendant's employee and evidently none of plaintiff's employees knew it was inflammable. Was defendant chargeable with want of care under the circumstances mentioned? The welding was being done by direction of an employee of plaintiff company. Under the circumstances we do not consider it was the duty of defendant's employee to sample the liquid as to its inflammability or drain the tank, before welding as directed by the employee of plaintiff company.

The judgment is affirmed, with costs against plaintiffs.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.